

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00073-CR

———————————————

MICHAEL LEE FLORES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1716408

---

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Michael Lee Flores pleaded guilty to failure to comply with sex-offender-registration requirements with a prior conviction for the same offense, increasing the third-degree felony's punishment range to that of a second-degree felony.[1] *See* Tex. Code Crim. Proc. Ann. art. 62.102(c). After reviewing Flores's presentence investigation report (PSI) and supplemental PSI and hearing testimony by the State's witnesses, Flores, the mother of Flores's child, and Flores's other witnesses, the trial court sentenced him to 15 years' confinement. *See* Tex. Penal Code Ann. § 12.33 (stating second-degree felony punishment range of two to twenty years' confinement and up to a $10,000 fine).

Flores's court-appointed appellate attorney has moved to withdraw as counsel and filed a brief in support of that motion in which he avers that, in his professional opinion, this appeal is frivolous because "[t]he record in this case reveals no ground that could be argued successfully on appeal." *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the

---

[1]In a charge bargain, Flores pleaded guilty in exchange for the State's waiver of a repeat-offender notice in the indictment. The trial court's certification of his right of appeal initially stated that this "is not a plea-bargain case, and the defendant has the right of appeal," but we sent a letter asking for correction because of the charge bargain. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.). The trial court then filed a new certification that this "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal." *See* Tex. R. App. P. 25.2(d).

requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400.

Flores's counsel provided him with a copy of the *Anders* brief and his motion to withdraw, notified Flores of his right to file a pro se response and to file a brief on the merits in the Court of Criminal Appeals, and provided to him a pro se form motion to obtain a copy of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Flores did not file a pro se response. The State did not file a brief but agreed with Flores's counsel's assessment in a letter to this court.

We have independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the record, we have determined that—other than minor, correctable errors in the judgment and in the bill of costs—the appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We may modify a trial court's judgment and bill of costs to correct clerical errors that contradict the record. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that appellate court has authority to

3

modify judgment in *Anders* appeal); *see also Johnson v. State*, 423 S.W.3d 385, 389, 395–96 (Tex. Crim. App. 2014) (discussing bill of costs).

As noted by the prosecutor at the punishment hearing, Flores was charged with a third-degree offense enhanced to a second-degree-felony punishment range based on his prior conviction for the same offense. *See* Tex. Code Crim. Proc. Ann. art. 62.102(c). Flores's counsel draws our attention to the trial court's judgment, which incorrectly states that Flores's conviction was a second-degree offense, and in its letter to this court, the State asks that the court "exercise its power [to] modify the degree of offense in the judgment to a third-degree [felony] and affirm the judgment as modified." Accordingly, we correct the trial court's judgment to reflect that Flores was convicted of a third-degree felony.

Additionally, the trial court's judgment reflects that Flores's $15 in reimbursement fees would run "concurrent with [his] sentence," but the bill of costs shows that Flores still owes $15 in reimbursement fees. Accordingly, to reflect the trial court's judgment, we reform the bill of costs to delete the $15 amount shown as owed.

We grant counsel's motion to withdraw, modify the judgment and bill of costs as set out above, and affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b); *Bray*, 179 S.W.3d at 729.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 3, 2025